IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

PHARMACY CORPORATION OF )
AMERICA d/b/a PHARMERICA )
                                 )
        *Plaintiff,* )
                                   )
*v.* )   CASE NO. _____
                                   )
THE STONEBROOK CONVALESCENT )
CENTER, INC. d/b/a STONEBROOK )
HEALTHCARE CENTER )
                                   )
        *Defendant.* )

## COMPLAINT

Plaintiff Pharmacy Corporation of America d/b/a PharMerica ("PharMerica") states as follows for its Complaint against defendant The Stonebrook Convalescent Center, Inc. d/b/a Stonebrook Healthcare Center ("Stonebrook" or "Defendant").

### NATURE OF THE ACTION

1. This action arises out of Stonebrook's failure to pay PharMerica for pharmaceutical goods and services provided by PharMerica to the residents of the skilled nursing facility located at 4367 Concord Boulevard, Concord, California 94521 (the "Facility"), which at all times relevant, was owned, operated, managed, or otherwise controlled by Stonebrook.

### THE PARTIES

2. PharMerica is a California corporation with its principal place of business in Louisville, Kentucky. Thus, for diversity purposes, PharMerica is a citizen of California and Kentucky. PharMerica provides institutional pharmaceutical services to various facilities nationwide.

3.      Stonebrook is a Missouri corporation with a principal place of business in Arkansas. Thus, for diversity purposes, Stonebrook is a citizen of Missouri and Arkansas.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

5.      The Court has personal jurisdiction over Stonebrook because it transacted business in this state through the operation and management of the Facility.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Stonebrook operates and conducts business in this judicial district and are subject to this Court's personal jurisdiction.

## STATEMENT OF FACTS

7.      PharMerica is an institutional pharmacy in the business of providing pharmacy goods and services to long-term facilities, including nursing facilities, such as the Facility.

8.      Stonebrook, as the owner and/or operator of Facility, is legally obligated to provide residents of the Facility with pharmacy goods and services.

9.      At all times relevant, Stonebrook held the Medicare provider number, the NPI number, and otherwise owned and operated the Facility.

10.     Effective August 31, 2025, PharMerica entered a Pharmacy Services Agreement with Stonebrook (the "PSA")[1]. The PSA sets forth terms for PharMerica's provision of pharmacy goods and services for the residents of the Facility, including the compensation Stonebrook would pay for such goods and services.

---

[1] The PSA contains confidential information, including pricing information, and has not been attached.  A copy can be provided to the Court under seal and to the Defendant upon request and the entry of a protective order.

11. The PSA provides in Section (D)(1) that invoices are to be paid by Stonebrook within 180 days of the billing date.

12. The PSA also provides in Section 5(D)(2) that interest will be charged on all outstanding amounts and calculated at a monthly rate of 1.5%, or the highest rate permitted by law, whichever is less, from the due date until the outstanding amount is paid in full.

13. PharMerica performed all obligations required of it under the PSA, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

14. Notwithstanding PharMerica's performance under the PSA, Stonebrook failed to pay PharMerica's invoices as they became due and owing under the PSA.

15. At all times relevant, Stonebrook was the owner and/or manager of the Facility, ordered pharmacy goods and services from PharMerica for the Facility's residents, and received invoices detailing the parties' agreements regarding payment for the same.

16. Despite PharMerica's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Stonebrook has failed to pay for the goods and services provided by PharMerica.

17. As of the date of filing this Complaint, Stonebrook owes PharMerica $390,525.17 for unpaid invoices issued pursuant to the PSA. This amount is past due and exclusive of interest.

18. The PSA further provides in Section 17(I) that the substantially prevailing party in any lawsuit brought to enforce any of the terms or conditions of the PSA shall be entitled to recover its costs and attorneys' fees.

19. As a result of Stonebrook's breaches of contract, PharMerica has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Stonebrook.

20.     PharMerica is likely to incur substantial attorneys' fees as this case is litigated and prepared for trial, which shall be the responsibility of Stonebrook.

21.     PharMerica conferred a measurable benefit on Stonebrook by providing it with valuable pharmaceutical goods and services delivered to the residents and patients of the Facility.

22.     Stonebrook knew of the benefit and knew that PharMerica expected payment in exchange for the benefit.

23.     Nonetheless, Stonebrook wrongfully and intentionally withheld payment from PharMerica for the goods and services PharMerica provided.

24.     Stonebrook has been reimbursed by Medicare for all or a significant portion of the goods and services provided by PharMerica to the residents of the Facility owned, operated, and/or managed by Stonebrook, and Stonebrook has directly or indirectly benefitted from such reimbursement to PharMerica's detriment.

25.     Stonebrook has reported invoice charges as valid expenses to the Internal Revenue Service for the purpose of reducing the amount of adjusted gross income on which Stonebrook, and ultimately its owners, must pay taxes. As a result, Stonebrook has paid or will pay lower taxes than they otherwise would have had to pay.

26.     Stonebrook has reported PharMerica's invoice charges as valid expenses to Medicare on their annual cost reports.

## COUNT I
## BREACH OF CONTRACT – FAILURE TO PAY

27.     PharMerica incorporates by reference the allegations set forth above.

28.     Stonebrook and PharMerica are parties to a valid and enforceable contract, the PSA.

29.     PharMerica performed all conditions, covenants, and promises on its part to be performed under the PSA and otherwise agreed upon by the parties.

30.     Without legal justification or excuse, Stonebrook materially breached the PSA by failing to pay invoices as they became due.

31.     As a direct and proximate result of the breach of the PSA, PharMerica has suffered damages because it has not been paid for the pharmacy-related goods and services it provided.

32.     Interest is accruing pursuant to the PSA at the monthly rate of 1.5% from the due date until the outstanding amount and accrued interest are paid in full.

33.     PharMerica is entitled to recover damages from Stonebrook in an amount to be proven at trial.

## COUNT II
### UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

34.     Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference the allegations set forth above.

35.     PharMerica conferred a measurable benefit on Stonebrook by providing it with valuable pharmaceutical goods and services delivered to the residents and patients of the Facility.

36.     Stonebrook knew of the benefit.

37.     PharMerica's goods and services were provided under circumstances pursuant to which Stonebrook should have known that PharMerica would expect to be compensated for such goods and services. That is, the benefit was not conferred officiously or gratuitously.

38.     Stonebrook wrongfully and intentionally withheld payment from PharMerica for the goods and services PharMerica provided.

39.     Consequently, Stonebrook has been unjustly enriched through receipt of such goods and services at PharMerica's expense.

40.    Furthermore, Stonebrook has knowingly and willfully received, or will receive, reimbursement by Medicare, directly or indirectly, for goods and services provided by PharMerica, and have wrongfully and intentionally withheld or will withhold such amounts from PharMerica.

41.    Stonebrook has legal and fiduciary duties to immediately remit proceeds received in reimbursement from Medicare to PharMerica if they have not timely paid invoices as required by the PSA.

42.    It is against equity and good conscience to permit Stonebrook to retain the Medicare reimbursements without paying for pharmaceutical goods and services provided by PharMerica for which reimbursements were made.

43.    For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Stonebrook as reimbursement by Medicare for goods and services provided by PharMerica, plus interest, costs, and attorneys' fees.

### COUNT III
### PROMISSORY ESTOPPEL

44.    Except to the extent inconsistent with the relief in this Count, PharMerica incorporates by reference the allegations set forth above.

45.    Stonebrook clearly and unambiguously promised to render payment to PharMerica in exchange for pharmaceutical goods and services.

46.    It was reasonable for PharMerica to rely on Stonebrook's promise.

47.    PharMerica actually relied on Stonebrook's promise.

48.    PharMerica was injured because of its reliance on Stonebrook's promise.

49.    PharMerica is entitled to recover damages from Stonebrook in an amount to be proven at trial.

**COUNT IV**
**ATTORNEYS' FEES**

50.     Except to the extent inconsistent with the relief in this Count, PharMerica incorporates by reference the allegations set forth above.

51.     Pursuant to the PSA, Stonebrook agreed to pay PharMerica its costs, including attorneys' fees, incurred in connection with enforcing the terms and conditions of the PSA.

52.     Stonebrook has failed to fulfill its obligations under the PSA to pay PharMerica what it is owed. PharMerica has incurred attorneys' fees and other costs in connection with its efforts to collect payment, which are the responsibility of Stonebrook. PharMerica is likely to incur substantial additional attorneys' fees and costs as this case is litigated, which shall also be the responsibility of Stonebrook.

**PRAYER FOR RELIEF**

WHEREFORE, PharMerica requests judgment against Stonebrook as follows:

A.     An award of compensatory damages in an amount to be proven at trial;

B.     The imposition of a constructive trust on sums received by Stonebrook as Medicare reimbursement for pharmaceutical goods and services provided by PharMerica and not paid for by Stonebrook;

C.     PharMerica's costs, fees, and disbursements, including reasonable attorneys' fees;

D.     Pre-judgment and post-judgment interest as permitted by the PSA and applicable law; and

E.     All other relief to which PharMerica may be entitled.

Dated:  July 17, 2026

Respectfully submitted,

/s/ Anthony W. Hafner
Anthony W. Hafner, Esq., MO#56714
Peter A. Corsale, Esq. MO#57220
McCarthy Leonard Kaemmerer & Miller, L.C.
825 Maryville Centre Drive, Ste. 300
Town & Country, Missouri 63017-5946
Phone: 314.392.5200
Facsimile: 314.392.5221
ahafner@mlklaw.com
pcorsale@mlklaw.com

-and-

Jennifer Metzger Stinnett (to seek admission *pro hac vice)*
Fultz Maddox Dickens PLC
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202
Jstinnett@fmdlegal.com

*Counsel for Pharmacy Corporation of America d/b/a PharMerica*